JACOB WEINBERG, Appellant, *v.* OSCAR SANDERS, Respondent.

First Department, February 9, 1923.

**Vendor and purchaser — marketable title — original grantor, owner of tract of land, inserted condition in deeds to lots against certain uses with reversion in case of breach — intermediate grantor of lot in question who was plaintiff's predecessor in title inserted similar condition in deed from him — agreement by original grantor and all lot owners except plaintiff's predecessor removing condition did not affect condition as to plaintiff's lot — title not marketable.**

In an action to recover the amount paid on the purchase price of certain premises the plaintiff is entitled to succeed on the ground that the title offered was not marketable, where it appears that the original grantor, the owner of a tract of land, inserted in the deed to each lot of the tract a condition against the manufacture or sale of intoxicating beverages on the premises and provided that in case of breach the estate of the grantee would revert to the grantor and his heirs or assigns; that subsequently an intermediate grantor of one of the lots, plaintiff's predecessor in title, inserted a similar provision with reversion to himself in case of breach, and that thereafter the original grantor and all of the lot owners, with the exception of plaintiff's predecessor, entered into an agreement removing said condition.

The fact that the original grantor had imposed a condition with the right of reversion did not prevent plaintiff's predecessor in title from imposing a like condition for his own benefit in a deed from him, and the removal of the condition in favor of the original grantor, which was not agreed to by the plaintiff's predecessor, left intact the right of the latter.

APPEAL by the plaintiff, Jacob Weinberg, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Bronx on the 13th day of March, 1922, upon the decision of the court rendered after a trial at the Bronx Special Term.

*Samuel A. Potter,* for the appellant.

*Dean, King, Tracy & Smith* [*Jabish Holmes* of counsel], for the respondent.

FINCH, J.:

The action was brought to recover the amount paid on account of the purchase price of certain premises. The plaintiff rejected title and refused to complete the purchase upon the ground that the title was unmarketable because of the following facts: One Gouverneur Morris was the owner of a tract of land, which he cut up into lots and sold to various purchasers, inserting in each deed a condition against the manufacture or sale of intoxicating beverages on the premises. In the event of the breach of this condition, the estate of the grantee, his heirs or assigns, would

cease and the premises revert to the grantor and his heirs or assigns. The premises in question came into the ownership of one Davids, who also incorporated in a deed of conveyance thereof a similar condition to the one mentioned above, with a reversion to himself (the grantor) in case of breach. Subsequently Gouverneur Morris and other lot owners entered into an agreement removing said condition, but in this agreement Davids did not join.

The fact that the original grantor had imposed a condition with right of reversion could not prevent a subsequent owner and grantor from imposing a like condition for his own benefit, any more than the imposition of a first mortgage could prevent the imposition of a second mortgage; it is merely a question of priorities. The right of Davids to re-enter and take possession of the property in the event of a breach of the condition was only subject to the prior right of Gouverneur Morris so to do, and the release by the latter of his right leaves intact the right of the former. It is to be noted that the defect complained of is a condition and not a restrictive covenant. Hence, upon condition broken, the right of entry under the facts disclosed in the case at bar is absolute, subject only to defenses cognizable in a suit at law. (*Hill* v. *Barclay*, 18 Ves. Jr. 56; 4 Kent Comm. [10th ed.] 151.) In the case of a restrictive covenant, equity may refuse to extend its aid to specifically enforce the covenant, but the case at bar deals not with an equitable, but with a legal right. Under these circumstances, it is clear that the plaintiff was justified in refusing to accept the title tendered. (*Gibert* v. *Peteler*, 38 N. Y. 165, 169.) Moreover the plaintiff is entitled to a title which is marketable, that is free from the necessity of a suit at law to adjudicate the validity of the title. As said in *Moore* v. *Williams* (115 N. Y. 586): " A good title means not merely a title valid, in fact, but a marketable title which can again be sold to a reasonable purchaser or mortgaged to a person of reasonable prudence as a security for the loan of money." And in *McPherson* v. *Smith* (49 Hun, 254): " A title open to a reasonable doubt is not a marketable one, and the court cannot make it one by passing upon an objection depending on a disputed question of fact, or a doubtful question of law, in the absence of the party in whom the outstanding right is vested."

It follows that the judgment should be reversed, with costs, and judgment granted for the plaintiff, with costs.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur.

Judgment reversed, with costs, and judgment granted for the plaintiff, with costs. Settle order on notice.