BENJAMIN SCHULMAN, Plaintiff, *v.* ELLENVILLE ELECTRIC COMPANY, Defendant.

Supreme Court, Ulster County, August 6, 1934.

*Joseph Kooperman,* for the plaintiff.

*H. Westlake Coons,* for the defendant.

FOSTER, J. This action has been submitted on an agreed statement of facts. The question involved is whether the following clause in a deed from the common grantors of the parties to their predecessors in title is to be treated as a condition subsequent or a restrictive covenant running with the land: " Provided, however, and this conveyance is made and accepted upon the express condition that no building or part of any building shall be placed upon the said lot or any part thereof within twenty-five (25) feet of the sidewalk on Main Street aforesaid; and on the further condition that no posts or poles for electric wires shall be placed thereon, and that all wires leading to and from any building on the said lot shall be placed in underground conduits except telephone wires, to which this restriction does not apply and that a violation of these conditions shall cause the title to the said lot to revert to the grantors, their heirs or assigns."

Counsel for both parties have exhaustively and ably briefed this question, but I think the clear and unequivocal language of the clause itself is decisive. It is true that conditions subsequent are in effect forfeitures and as such are not favored in law wherever it is fairly possible to interpret otherwise. (*Avery* v. *New York Cent.*

& *H. R. R. R. Co.*, 106 N. Y. 142; *Post* v. *Weil*, 115 id. 361; *Graves* v. *Deterling*, 120 id. 447.) Nevertheless, they are not to be denied in the face of plain language to the contrary. It is difficult to see how the grantors in the deed mentioned could have used any language of greater strength to create a condition subsequent. If such a condition was not thereby created, then it may be fairly said that words cannot create one. In none of the cases cited above, upon which the plaintiff strongly relies, was the language of the clauses passed upon at all comparable to the language used here. In fact, those clauses did not, as I read them, provide for forfeiture at all. Thus the courts in those cases have considerable more latitude for the purpose of construction than I have here.

Every requirement for a condition subsequent is met by the language of the clause in question (*Weinberg* v. *Sanders*, 204 App. Div. 409; *Southwick* v. *New York Christian Missionary Soc.*, 151 id. 116; affd., 211 N. Y. 515; *Munro* v. *Syracuse, L. S. & N. R. Co.*, 200 id. 224; Gerard Real Prop. [6th ed.] § 289), and such test must prevail over any proposed construction which is in direct contradiction with the language used. I hold, therefore, that the clause in question created a condition subsequent, for the breach of which only the original grantors or their heirs might re-enter. Since they have released and discharged such condition, it now has no existence for any purpose, nor is it available to any one else. (Gerard Real Prop., *supra*.)

In view of these conclusions, the defendant may have judgment dismissing the complaint, with costs.