JESSIE MARCELLUS, Respondent, *v.* FIRST TRUST & DEPOSIT COMPANY, Appellant.

Argued April 19, 1943; decided December 2, 1943.

*H. Duane Bruce* for appellant. Under the Appellate Division's decision express provisions of the trust instrument have been disregarded, and erroneously interpreted. (*Bergmen* v. *Bergmen,* 323 Ill. 73; *Matter of Flint,* 240 App. Div. 217, 266 N. Y. 607; *Marczak* v. *Brooklyn City R. R. Co.,* 237 App. Div. 841, 262 N. Y. 473; *Matter of Cary,* 162 Misc. 95.) The mortgage participations, when taken, were a proper investment. (*Heiman* v. *Bishop,* 272 N. Y. 83; *Hoard* v. *Luther,* 251 App. Div. 692; *Matter of Sheldon,* 160 Misc. 194; *Matter of Poillon,* 163 Misc. 897; *Matter of Nugent,* 280 N. Y. 505; *Mills* v. *Bluestein,* 275 N. Y. 317.) The notice requirements of subdivision 7 of section 188 of the Banking Law were complied with in taking the participations. (*Matter of Nugent,* 280 N. Y. 505; *Matter of Smith,* 279 N. Y. 479.) It was error to base the surcharge on acquisition of the mortgage for the trust on January 6, 1931. Findings to

the effect that defendant failed in its duty in connection with its repurchase of such mortgage on January 28, 1933, because it had not then, or before, advised plaintiff such mortgage had stood in its individual name when taken into the trust are outside the issues herein. There was no prohibited self-dealing in transferring said mortgage to the trust. (*Matter of Dalsimer,* 160 Misc. 906; *First Nat. Bank* v. *Basham,* 191 So. 873; *Matter of Union Trust Co.* [*Hoffman*], 219 N. Y. 514.)

*William H. Harding, Charles H. Comstock* and *James P. Burns, Jr.,* for respondent. The trustee was properly surcharged with the amount of the mortgage participations, with interest thereon from January 1, 1937. (Banking Law, § 188; *Matter of Flint,* 240 App. Div. 217, 266 N. Y. 607; *Matter of Baker,* 249 App. Div. 265; *Matter of Long Island Loan & Trust Co.,* 92 App. Div. 1, 179 N. Y. 520; *Matter of Roche,* 245 App. Div. 192; *Matter of Bearns,* 251 App. Div. 222; *Matter of Dalsimer,* 251 App. Div. 385, 277 N. Y. 717.) There was no diversity of investment as required by law. (*Durant* v. *Crowley,* 197 App. Div. 540, 234 N. Y. 581; *Cobb* v. *Gramatan Nat. Bank & Trust Co.,* 261 App. Div. 1086.) Assuming the participations were legal and not sub-standard, they should not have been purchased by the trustee under the terms of the trust agreement, and the circumstances surrounding the same.

LEHMAN, Ch. J. The plaintiff expressly conferred upon the defendant, as trustee, power to invest the trust fund in " first mortgages on improved real estate in the City of Syracuse ". In the exercise of that power the trustee was under a duty to refrain from placing itself in a position in which its own interests might conflict with the interests of the *cestui que trust.* It might not as trustee purchase from itself securities which it owned. That is true even though in fact the trustee may have been guided solely by the interests of the *cestui* uninfluenced by its own conflicting interest. (*Matter of Ryan,* 291 N. Y. 376, decided herewith.) The defendant breached that duty on January 6, 1931, when it invested the sum of $8,000 in a mortgage which it had purchased on September 3, 1929, and had held until it sold the mortgage to itself as trustee.

The trustee urges that the rule against self-dealing does not apply to an investment of trust funds in securities which a

trust company purchases and holds for the purpose of transfer to a trust fund when moneys in a trust fund become available for investment. That question is not presented by this record and may not be considered by us. There is no evidence here that the mortgage purchased by the trust company more than a year before it was transferred to the trust fund was acquired by the trust company solely for such purpose or was held in a suspense account or was otherwise earmarked for ultimate transfer to a trust fund. There can be no doubt that if the trustee had continued to hold the mortgage as a trust investment it should be surcharged with the amount so invested.

The trustee, however, repurchased the mortgage in 1933 when the settlor asked that in accordance with the terms of the trust indenture she be permitted to withdraw some of the principal of the trust fund. The trustee then paid to the settlor $1,000 and invested $7,000 of the trust fund in certificates of participation in the $8,000 mortgage. An investment by a trust company, acting as trustee, in a certificate of participation in a mortgage owned by the trust company was at that time lawful if made in accordance with the provisions of section 188, subdivision 7, of the Banking Law. (*See Matter of Ryan, supra.*) In this case, however, the trust company did not own the mortgage at the time that the settlor sought to withdraw part of the principal of the fund. It informed the settlor that it could comply with the settlor's request only if it bought back the mortgage and if it then issued participation certificates therein for the amount which remained in the trust fund after payment to the settlor of $1,000 of principal. If at that time the trustee had recognized that its investment of $8,000 in a mortgage which it owned was unlawful, it would be plain that a change in the form of investment to protect itself from the result of its original wrong would have been a fraud on the settlor unless the settlor had been informed of the original wrong. It is immaterial that the change was not made for that purpose and even that the trustee may not have known that the original investment was unlawful and may not have believed that the mortgage would ever be worth less than the amount paid for it. The fact still remains that, in the repurchase by the trust company from the trust estate of a mortgage held by that estate, the trust company was again acting in a dual capacity and it

claims that it gained from the transaction immunity from liability for antecedent undisclosed wrong. The original investment by the trustee in a wholly owned mortgage was unlawful; and the original investment, the repurchase by the trust company and the investment of the trust fund in certificates of participation are inextricably intertwined. Throughout the series of transactions: in the original investment, in the repurchase and in the reinvestment of the proceeds of the repurchase, the trustee dealt with itself and had interests which conflicted with the interests of the *cestui*. For these reasons the investment of trust funds in the participation certificates of the mortgage was no less unlawful than the original investment in the whole mortgage.

The judgment should be affirmed, with costs.

LOUGHRAN, RIPPEY, CONWAY and DESMOND, JJ., concur; LEWIS, J. taking no part.

Judgment affirmed.