In the Matter of the Estate of HENRIETTA H. SMITH, Deceased.

Surrogate's Court, New York County, September 13, 1946.

---

* See, also, *Matter of Lissberger*, 189 Misc. 277.— [REP.

*E. Sheldon Stewart, Peter M. Sykes* and *M'Cready Sykes* for United States Trust Company of New York, successor trustee, petitioner.

*Clinton H. Blake, Samuel B. Stewart, Jr.,* and *Robert T. Shinkle* for Barry P. Smith and others, respondents.

*Charles F. Evans,* special guardian for William W. Caswell and others, infant remaindermen, and Howard C. Smith, Jr., an incompetent person, respondents.

DELEHANTY, S. Criticism of the trustee's account is made because of an investment in a share in a mortgage on a plot of realty in this city. The entire investment (including additional moneys paid for carrying the mortgaged property after it was taken over in foreclosure) is represented in the account by shares in a salvage corporation. Many grounds are urged in objecting to the propriety of the original investment and still further criticism is directed toward the treatment of the investment after it was made. Since two of the objections raise fundamental questions they will be considered first because if either is valid no consideration need be given to the alleged defects intrinsic to the investment itself.

The first fundamental objection is that the trustee was guilty of self-dealing in allocating to this estate a participation in a mortgage acquired by the trustee with its own funds and taken originally in its own name. The whole mortgage in which a participation was allocated to the estate of deceased was acquired by the trustee on June 2, 1931, and six days later the allocation of a share in it was made to the trust. The question is whether such allocation constituted self-dealing. The comments of this court in *Matter of Dalsimer* (160 Misc. 906) are pertinent. There the court said in substance that if a corporate fiduciary temporarily uses its own funds to acquire mortgage investments so as to have on hand mortgages suitable for trust investments it would not be held to be guilty of self-dealing provided the investment was held in a suspense account and provided it was shown that the purpose of it was to have the asset available for the speedy investment of trust funds. That rule for trust administration has been applied in this

court in other instances. It appears to have been called to the attention of the Court of Appeals in *Marcellus* v. *First Trust & Deposit Co.* (291 N. Y. 372). The comments of that court (p. 375) indicate that the issue is there still open because the court there said that the question was not presented on the record in the cited case. There seems to the court no reason to depart from the rule in *Matter of Dalsimer* (*supra*) and so the objection to the investment which charges self-dealing is overruled on the merits.

The second fundamental objection is that the rule of deceased's will permitted the trustee to make investment in a mortgage only if the property securing the mortgage were unincumbered. There can be no doubt that the trustee was so restricted. The question is whether or not the property upon which the loan was made was in fact unincumbered. Concededly the plot of land which secured the loan was comprised of two lots — one with a building thereon fronting on Fifth Avenue and a second with a building thereon fronting on 73d Street. The two lots had in part a common boundary. The parcel fronting on 73d Street was affected by an agreement of which the trustee concededly had notice since it was a party thereto. Its text is: " * * * that neither the party of the second part, his heirs or assigns, shall at any time within a period of FIFTY (50) years from and after the date of this instrument, erect, cause or suffer to be erected upon said lot of land any building or other structure whatsoever, within TWENTY (20) feet of the Northerly line of said lot, being the centre line of the block between 73rd and 74th Streets, nor erect, cause or suffer to be erected any building or other structure more than ELEVEN (11) feet in height above the mean curb level in front of said premises, within FORTY (40) feet of the Northerly line of said lot, nor within TEN (10) feet of the Easterly line of said premises above described * * *. This covenant shall run with the land and be binding upon the party of the second part, his heirs and assigns, and in favor of the party of the first part and her heirs and assigns, as owners of premises No. 4 East 74th Street, for the full period of FIFTY (50) years from and after the date of this deed, * * *." The question presented is whether such a restriction constitutes an incumbrance.

There is no statutory definition of the word " incumbrance ". Judicial definition of the word has been made however and the statutes which use the term assume that it has a fixed meaning. Note should be made of the provisions of section 276 of the Real

Property Law and paragraph (a) of subdivision 6 of **section 81** of the Insurance Law. Under the section last cited a special rule is made for the investment of the reserves of insurance companies. Under the Real Property Law section, a special rule is made for trust investments where the property securing the investment is subject to an easement in favor of a municipal corporation or a transportation corporation. The existence of these special statutory provisions furnish no aid here except to indicate a legislative belief that special exemptions were necessary in the situations covered by the enactments. Such special exemptions presuppose an otherwise broad application of the term " incumbrance ".

The word has been defined for us in controlling authorities. The courts have not said that every type of limitation on the use of land constitutes an incumbrance on it. For instance, a restriction no broader than an applicable zoning ordinance would not be called an incumbrance and a prohibition against the carrying on of an occupation wholly forbidden by law would doubtless not constitute an incumbrance. The courts have said also that the nature of a restriction claimed to be an incumbrance has to be looked at so as to see who imposed it and who has the right to enforce it (*Korn* v. *Campbell,* 192 N. Y. 490). Whether a restriction constitutes an incumbrance depends upon its effect. " If it affects the land either in itself or in its value *or in the way in which it can be enjoyed,* it is an incumbrance." (*Bull* v. *Burton,* 227 N. Y. 101, 111. Emphasis in original.) In the same case the court said (p. 111): " Any right existing in another to use the land, *or whereby the use by the owner is restricted,* it is an incumbrance within the legal meaning of the term." (Emphasis supplied. Citing *Wetmore* v. *Bruce,* 118 N. Y. 319; *Forster* v. *Scott,* 136 N. Y. 577.) The same idea that a restriction is an incumbrance if it limits the absolute dominion of an owner over his property is phrased by a unanimous court in *Isaacs* v. *Schmuck* (245 N. Y. 77, 86). Speaking of a contract which entitled a buyer to an unincumbered title the court said: " The buyer bargained for complete dominion, and the court may not require her to be satisfied with less " (citing *Bull* v. *Burton, supra, Weinberg* v. *Sanders,* 204 App. Div. 409, and *Peck* v. *Conway,* 119 Mass. 546, 550). The Massauchusetts case cited says in terms that a restriction on use will be enforced even if in the judgment of others a violation of it would cause little or no damage.

Here the court finds that the plot upon which the mortgage was a lien was incumbered by a restriction which had nearly fifty years still to run at the date of the criticized investment, that such restriction materially limited the use of the premises and the way in which they could be enjoyed and that the owner of the premises was deprived by it of that complete dominion which accompanies an unincumbered title.

In the case of a mortgage investment the purpose of an unincumbered title in the mortgagor is to furnish assurance that the real security which is behind the loan will in the event of foreclosure furnish a title which the lender can contract to sell without fear of attack. In relation to mortgage investments of trustees the word " incumbrance " means the same as it does in cases of specific performance, with the exception already noted perforce section 276 of the Real Property Law. That exception is not applicable here on the facts and would not in any case be applicable because the rule of this will is absolute that only an unincumbered mortgagor's title would warrant an investment by the trustee.

Since in fact the investment was made on the security of an incumbered property it was unlawfully made and the objection to it must be in all respects sustained on this ground. The effect of this ruling is to require the return to capital account of the amount originally invested in the mortgage and of all capital sums later used in the endeavor to salvage the investment. The trustee may take over as its own the shares of the salvage corporation. The ruling requires also that in income account there be placed such sums as would have been earned on such capital funds at the current rate procurable on trust investments during the period of loss of income. Various schedules in the account will require appropriate amendment. If the parties cannot agree upon the computation of the liability of the trustee under the ruling here made a further hearing may be sought. When the money consequence of the court's ruling is ascertained a decree may be submitted, on notice, settling the account in accordance with this decision.