In the Matter of the Accounting of FRANCIS W. MURRAY, JR., et al., as Trustees under the Will of GEORGE W. MURRAY, Deceased.

Surrogate's Court, Orange County, May 5, 1949.

*Richard L. Davisson* for Helen H. Crummey, as administratrix *d. b. n.* of the estate of Spencer M. Crummey, deceased, objectant.

*Daniel J. Madigan* for George M. Crummey.

*Merel Scheidell* for Edward C. Crummey.

*Henry B. Merritt* for trustees.

TAYLOR, S. In this final judicial settlement of the trustees' accounts, one of the objectants has asked for certain information with respect to the status of corporations, the stock of which is held by the trustees. With respect to one corporation the trust owns a controlling interest, viz., 52%, while with respect to another corporation the interest is a minority one. Both corporations are national banks. No question of practice is raised with respect to the manner in which the information has been requested. At the Surrogate's suggestion the trustees consented to furnish certain of the information to the objectant and an order embodying this consent has been entered and the information has been furnished. Decision was reserved with respect to the demand that the trustees furnish to the remainderman-objectant a list of stockholders of both banks.

Prolonged and exhaustive search on the part of counsel, as well as the Surrogate's own efforts, have brought to light no reported decision involving the point in issue.

The objectant cites section 62 of title 12 of the United States Code, Annotated, " Banks and Banking," which, in substance, requires that officers of every national bank shall keep a full and correct list of the names and residences of all shareholders and the number of shares held by each, which list shall be subject to inspection of all shareholders during the business hours, and urges that this statute should be liberally construed. In text it contains no limitations (cf. New York Stock Corporation Law, § 10). The courts have held with respect to the right of a holder of national bank stock to inspect the stockholders' list, that the statute is unambiguous and the right of inspection is not to be limited by any time restrictions, or even to purposes not inimical to the interest of the corporation. (*People ex rel. Lorge* v. *Consolidated Nat. Bank,* 105 App. Div. 409; *Matter of Hurley* v. *National Bank of Middletown,* 252 App. Div. 272; *Matter of Schwamm* v. *United Nat. Bank,* 269 App. Div. 692.)

This statute may be useful here only as pointing out the fact that Congress, which has exclusive control over the matter of inspection of stockholders lists of national banks (*Lauer* v. *Bayside Nat. Bank,* 244 App. Div. 601), intended a liberal policy, for, here, the banks as such are not parties to this proceeding and it might very well be doubted that this court would have jurisdiction to direct the banks as such to permit stockholders' list inspections. Then, too, this trust corpus not yet having been distributed, the remaindermen are at best equitable and certainly not legal owners of the stock.

The decision here will be placed upon a rather broad ground arising out of the relationship between a trustee and the *cestui que trust.* There could be no doubt that a trustee owes the duty of full disclosure to the trust beneficiary. (*Marcellus* v. *First Trust & Deposit Co.,* 264 App. Div. 601, affd. 291 N. Y. 372; 4 Bogert on Trusts and Trustees, § 961; 2 Scott on Trusts, § 173; Restatement, Trusts, § 173.)

In the *Marcellus* case (*supra,* p. 603), which involved the status of the trust investments and whether or not they were in such form that the trustee was in position to accede to the beneficiary's request to withdraw some of the principal of her trust fund as she had the right to do under the trust agreement, the court said that " All of the material facts should have been made known to her and none of them should have been concealed or disguised ".

Professor Bogert in his work on Trusts and Trustees (Vol. 4, § 961) states the rule thus: " From these considerations it follows that the cestui is entitled to demand of the trustee all infor-

mation about the trust and its execution for which he has any reasonable use. If the beneficiary asks for material information about the terms of the trust, its present status, past acts of management, the intent of the trustee as to future operation, or other incidents of the operation of the trust, and these requests are made at a reasonable time and place, and not merely vexatiously, it is the duty of the trustee to give the cestui the facts for which he has asked.''

The same thought is expressed in 2 Scott on Trusts (§ 173) viz. '' The trustee is under a duty to the beneficiaries to give them upon their request at reasonable times complete and accurate information as to the administration of the trust ''.

That a trustee is obligated to render a full and accurate account of all his transactions in the performance of his trust, including the management of a corporation, the controlling interest of which is in the trust, is well-settled law (*Matter of Steinberg*, 153 Misc. 339; *Matter of Witkind*, 167 Misc. 885).

The objectant has stated the reasons for which he desires the stock list. In passing it may be said that the reasons are not frivolous and that being so it is not for the court to decide whether or not such list will be beneficial to the objectant in determining the value of the stock in question, that being the substantial issue here involved, for two of the three remaindermen have expressed a desire to take the stock in kind at the appraised value as stated in the account, while the objectant, for good reasons not here material, has stated that she is not in position to accept the stock in kind and that the value at which it is carried in the trustees' account is well under both its market and book values. With this in mind there is applicable here the statement of Surrogate DELEHANTY in *Matter of Witkind* (167 Misc. 885, 891–892, *supra*): '' Whether a *complete* disclosure of all facts made by those who have the facts, namely, the executors, would change the complexion of the matter cannot be known until all these facts have been formally provided. An additional observation is necessary — where the court has power to require fiduciaries to report the transactions of corporations in which the estate is interested the question of appropriateness should not be raised. Whether the facts revealed by an accounting in behalf of the corporation activities are or are not important can only be known after they have been exhibited. As a practical matter, therefore, in every case where the court can require disclosure of corporate affairs on an accounting by estate fiduciaries it will exercise its power in favor of the disclosure ''.

The same thought is expressed by Professor Scott (2 Scott on Trusts, § 173) in this language " They [beneficiaries] are entitled to examine the trust property and the accounts and vouchers and other documents relating to the trust and its administration."

While the Surrogate cannot control the action of the trustees as officers and directors of corporations (in this instance one trustee being the president of one bank and another trustee the president of the other), nevertheless, under the plenary jurisdiction of Surrogates' Courts (Surrogate's Ct. Act, § 40), the court may control and direct the actions of the fiduciaries, and this may, whether directly or indirectly, affect their actions as officers and directors of corporations of the stock which they hold in their fiduciary capacities, and by virtue of the same power the court may direct a fiduciary to exhibit all information within its control which bears on the fortunes of the estate and to take whatever actions may be necessary to get the required data (*Matter of Barrett,* 168 Misc. 937; *Matter of Eddy,* 175 Misc. 193). Here, the trustees by virtue of their having legal title to stock need only to request of the banks' officers the right to inspect the stockholders' list and to make copies thereof (U. S. Code, tit. 12, § 62). True, the trustees, in their capacity as such, may not have these stock lists, but neither do they have details of the banks' financial status and management — as hereinbefore indicated there is now no doubt that trustees having the control of corporations by reason of ownership of the majority of the stock may be required to account in detail the corporation's financial affairs.

The trustees will be directed to furnish to the objectant lists of stockholders in both banks.

Settle order by consent or on five days' notice.