[Civ. No. 9569. Third Dist. Mar. 12, 1959.]

Estate of ARON HERSHEL, Deceased. DORA ROSEN-THAL et al., Appellants, v. BANK OF AMERICA NA-TIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Testamentary Trustee, etc., Respondent.

E. R. Williams for Appellants.

Mazzera, Snyder & DeMartini for Respondent.

VAN DYKE, P. J.—This is an appeal by objectors to the order of the probate court settling the twelfth account and report of a testamentary trustee. The objectors are three of the five beneficiaries of the trust. Bank of America National Trust and Savings Association has been the trustee since 1945. The trustee filed its twelfth account and report on October 18, 1957. It was set for hearing on October 31st following. Written objections were filed by appellants on October 30th, but as then filed the only grounds of objection specified were to a requested allowance of $5,000 for the fees of the trustee, and to the proposed destruction by the trustee of a stock of canning labels. On the day of the hearing, the trustee withdrew its request for authority to destroy the labels. The notice of appeal herein specifically excepts from the scope of the appeal that portion of the order of the trial court which fixed the compensation of the trustee. We therefore are not here concerned with either of the two matters which were the subject of objections at the first noticed hearing of the account and report.

The account filed was in the customary form and was supported by vouchers. At the hearing the trust officer testified to its correctness. The account covered the period from November 7, 1956, to May 4, 1957. It appears that the Aron Canning Company, the principal asset of the trust, had been sold to Tri-Valley Packing Association on or about June 12, 1956, for the approximate sum of $1,000,000. In further support of the twelfth account there was offered and received in evidence a report by an auditing firm with certified public accountant status, covering the accounting period. At the request of objectors the court continued the further hearing of the account to permit them to make an inspection of the records of the trust and to allow them time and opportunity to file further objections. This they did and after various continuances and further hearings the court found against them and settled the account as filed.

The contention of the objectors on appeal is that the trustee has not filed a sufficiently detailed verified accounting of the operation of the trust as it relates to the twelfth accounting period. In support of their demands for more detail and of their contentions that the failure of the court upon their motion to compel the trustee to break down its account in a more detailed manner appellants rely on statements in decisions and code sections which discuss the obligation of the

trustee to account. For instance, they cite Probate Code, section 1120, which states:

". . . For that purpose, the trustee, . . . shall present to the court his verified account and report, setting forth his accounts in detail, reporting his acts as trustee, and showing the condition of the trust estate, . . ."

Of course, a trustee is required to account and in sufficient detail to truly reflect income, disbursements and the condition of the trust estate, but the question of when a trustee's account is sufficiently detailed is one which must necessarily be committed to the sound discretion of the court to which the accounting is made. It appears that during the time when the trustee was running the business known as the Aron Canning Company, there was being processed by that company from one million to three million dollars worth of canned products annually. In the operation of such an enterprise the books of account would reflect innumerable items. And though the physical assets of the business had been sold yet the trustee was engaged in collection of accounts receivable, adjustment and payment of accounts payable and numerous other liquidation procedures. It could not be reasonably contended that in accounting in such a situation the trustee would be required to file a complete take-off of the books of account. If the trustee should do this, the court might well reject the account and compel the trustee to summarize the contents in such a manner that going over the account as filed would not entail the laborious task of checking the detailed source material. The trustee should also, of course, make the accounting sources, that is, the business books and records, available to any interested party that desired to go over them and, within reason, to lend such aid in such perusal as would enable the party so engaged to ascertain from the original sources whether or not the account as rendered truly reflected the acts of the trustee. In this case, all this was done; that is, the trustee did make all of its records available but the objectors and their counsel adamantly refused to undergo the labor of such inspection and demanded that the court order the trustee to furnish details requested by them over the trustee's verification. This the court refused to do, and properly so.

There is no merit in this appeal.

The order appealed from is affirmed.

Peek, J., and Schottky, J., concurred.