■ In the Matter of VINCENT A. SCUDERI, JR., Appellant. JOAN SCUDERI et al., Respondents. [667 NYS2d 913] —In a proceeding to settle the final account of Vincent A. Scuderi, Jr., as cotrustee of a trust established by Peter A. Scuderi, Vincent A. Scuderi, Jr., appeals (1), as limited by his notice of appeal and

brief, from stated portions of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated October 17, 1996, which, *inter alia,* denied, in part, his motion for summary judgment dismissing the objections to the accounting, (2) from so much of an order of the same court, also dated October 17, 1996, as denied, in part, his motion to quash four nonparty subpoenas, and (3) from so much of an order of the same court, also dated October 17, 1996, as denied, in part, his motion for a protective order.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs payable by the appellant personally to the respondents appearing separately and filing separate briefs.

The appellant is co-trustee of a trust established by his brother, Peter A. Scuderi. The appellant contends that he is not accountable in the Surrogate's Court for his actions in his capacity as president of a corporation in which the trust held shares, since the trust held less than a majority of the outstanding shares. Although the appellant, in his personal and representative capacities, held less than a majority of the outstanding shares, the record demonstrates that he exercised working control of the corporation, such that he is accountable in the Surrogate's Court for any breach of trust, fraud, or self-dealing which injures the trust (*see, Matter of Hubbell,* 302 NY 246; *Matter of Auditore,* 249 NY 335; *Matter of Shehan,* 285 App Div 785).

The motion for summary judgment dismissing the objections to the accounting was properly denied in part, since the objections raise factual issues precluding the relief sought. Additionally, as a result of the frivolous and dilatory motion practice, discovery has not yet been completed (*see, Campbell v City of New York,* 220 AD2d 476; CPLR 3212 [f]).

The appellant's remaining contentions are without merit. Joy, J. P., Krausman, Florio and McGinity, JJ., concur.