FINAL COPY
294 Ga. 711

S13G1162. ROLLINS et al. v. ROLLINS et al.

THOMPSON, Chief Justice.

O. Wayne Rollins established ten irrevocable trusts, the Rollins Children's Trust ("RCT"), and nine Subchapter S-trusts, each for the benefit of his nine grandchildren. Wayne's sons, Gary and Randall, and a close friend of the settlor, Henry Tippie, are the trustees of RCT.

RCT was established in 1968 and was funded initially with Rollins, Inc. stock. By its terms, beneficiaries are to receive "statements disclosing the condition of the trust estate" no more than every six months. Wayne created several family entities to hold assets within RCT: ROL, Inc., LOR, Inc., the Rollins Grandchildren's Partnership ("RGP") and the Rollins Holding Company ("RHC").

The Subchapter S-trusts were created in 1986. The original assets in the S-trusts were interests in LOR. Wayne created another family entity in 1988, RIF, which was held within the S-trusts. Gary and Randall shared voting control of the family entities, but Gary is the sole trustee of the S-trusts. The S-

trusts require that all trust income be distributed annually to the beneficiaries,[1] but do not speak to the issue of accountings.

In 2010, four of the nine beneficiaries of the S-trusts brought suit against the trustees alleging breach of trust and breach of fiduciary duty and seeking, inter alia, an accounting of the family entities. The trial court awarded summary judgment to the trustees and refused to order a judicial accounting of the entities which hold the trust assets. In this regard the trial court noted, in part, that although the trustees failed to provide an accounting of the trust assets, plaintiffs ultimately received a report on trust assets and "complete relief" on their requests for an accounting through discovery. The Court of Appeals reversed and remanded, concluding (1) plaintiffs were entitled to an accounting of the family entities, (2) the trustees may be held to trustee-level fiduciary standards with regard to the family entities, and (3) genuine issues of material fact remain as to whether the trustees breached their fiduciary duties in administering the trusts. Rollins v. Rollins, 321 Ga. App. 140 (741 SE2d 251) (2013). We granted the trustees' petition for certiorari and posed these questions:

---

[1] See also OCGA § 53-12-244 ("A trustee shall distribute all net income derived from the trust at least annually.").

2

1. Whether the Court of Appeals erred when it ruled in Division 1 of its opinion that the trial court should have ordered an accounting of the family entities that are held within the trusts at issue and are within the trustees' control.

2. Whether the Court of Appeals erred when it ruled in Division 2 (a) of its opinion that the appellants have trustee-level fiduciary duties as to their actions related to or taken through the family entities that are held within the trusts at issue and are within the trustees' control.

We answer these questions affirmatively.

1. To determine whether the Court of Appeals erred in overruling the trial court and ordering the trustees to provide plaintiffs with an accounting of the family entities held within the trusts, we first look to OCGA § 53-12-243, which defines the scope of a trustee's duty to provide reports and accounts and which provides, in pertinent part:

(a) On reasonable request by any qualified beneficiary or the guardian or conservator of a qualified beneficiary who is not sui juris, the trustee shall provide the qualified beneficiary with a report of information, to the extent relevant to that beneficiary's interest, about the assets, liabilities, receipts, and disbursements of the trust, the acts of the trustee, and the particulars relating to the administration of the trust, including the trust provisions that describe or affect such beneficiary's interest.

(b) (1) A trustee shall account at least annually, at the termination of the trust, and upon a change of trustees to each

3

qualified beneficiary of an irrevocable trust to whom income is required or authorized in the trustee's discretion to be distributed currently, and to any person who may revoke the trust. At the termination of the trust, the trustee shall also account to each remainder beneficiary. Upon a change of trustees, the trustee shall also account to the successor trustee. In full satisfaction of this obligation, the trustee may deliver the accounting to the guardian or conservator of any qualified beneficiary who is not sui juris.

(2) An accounting furnished to a qualified beneficiary pursuant to paragraph (1) of this subsection shall contain a statement of receipts and disbursements of principal and income that have occurred during the last complete fiscal year of the trust or since the last accounting to that beneficiary and a statement of the assets and liabilities of the trust as of the end of the accounting period.

Based on these provisions, the terms of the RCT trust instrument, and New York case law,[2] the Court of Appeals held that the trial court erred in failing to order an accounting of the family entities under the trustees' control. Although this decision may ultimately prove to be correct, we find it

---

[2] See, e.g., In re Murray's Will, 88 NYS2d 579, 581-582 (N.Y.Sur.Ct. 1949) (trustee is obligated to render full and accurate account of transactions including management of corporation in which trust holds controlling interest); In re Estate of Barrett, 6 NYS2d 689 (N.Y.Sur.Ct. 1938) (court will direct fiduciary to provide all information in his control which bears on the estate); In re Estate of Witkind, 4 NYS2d 933, 944 (N.Y.Sur.Ct. 1938) (where court can "require fiduciaries to report the transactions of corporations in which the estate is interested the question of appropriateness should not be raised").

to be erroneous at this juncture because the Court of Appeals failed to give due deference to the discretion of the trial court in this matter.

"Trusts are peculiarly subjects of equity jurisdiction. . . ." OCGA § 53-12-6 (a). Thus, in determining whether a trustee's accounting is sufficient under a given set of circumstances, an appellate court must consider whether a trial court properly exercised its equitable discretion; and the decision of the trial court should be sustained where such discretion has not been abused. See Prime Bank v. Galler, 263 Ga. 286, 288 (4) (430 SE2d 735) (1993); Estate of Hershel, 336 P2d 571 (168 Cal.App.2d 658) (1959) (whether trustee's account is sufficiently detailed is matter committed to sound discretion of trial court). See also OCGA § 53-12-243 (e) (Ga. L. 2010, pp. 579, 611) ("Nothing in this Code section shall affect the power of a court to require or excuse an accounting."). On the face of its opinion, however, it appears that the Court of Appeals failed to give any consideration to the trial court's discretion to require or excuse an accounting. Accordingly, we find it necessary to vacate and remand this issue to the Court of Appeals to enable the appellate court to reweigh the accounting issue by placing the sound discretion of the trial court on the scales.

5

2. The second issue presented in this appeal requires us to consider whether the Court of Appeals applied the proper fiduciary standard to the conduct of the trustees with regard to their management of the corporate family entities.

> The extent to which a court may interfere with the conduct of corporate affairs by the directors of an estate owned corporation, is a question that does not lend itself to a simple answer. . . . [T]he problem is one that usually falls "somewhere between the field of the law of corporations and that of the law of estate and trust administration. Its solution will generally be dictated by considerations of policy and the relative rights and interests of estate beneficiaries, creditors of the corporation and other stockholders, as well as the power, authority and opportunities of the executor director." [Cit.]

In re Estate of Schnur, 242 N.Y.S.2d 126, 132 (N.Y.Sur.Ct. 1963).

The Court of Appeals held that actions taken by the trustees in their capacities as managers of the family entities must be scrutinized according to heightened trustee-level fiduciary standards instead of the more deferential standards that apply to the conduct of corporate entity managers. Although that holding may be appropriate as a general rule,[3] it is inappropriate in this

---

[3] See generally Hanson v. First State Bank & Trust Co., 259 Ga. 710, 711-713 (385 SE2d 266) (1989).

case both because the cardinal rule in trust law is that the intention of the settlor is to be followed, Griffith v. First Nat. Bank & Trust Co., 249 Ga. 143, 146 (287 SE2d 526) (1982), and because the trusts hold only a minority interest in the family entities. See Rosencrans v. Fry, 91 A2d 162 (N.J. Super. Ct. 1952), aff'd, 95 A2d 905 (N.J. 1953).

Looking to the intention of the settlor, we find that he took great pains to ensure that the trustees could not take actions at the family entity level solely to benefit plaintiffs as S-trust beneficiaries — unless those actions were also in the interests of the other shareholders. The settlor accomplished this by making Gary Rollins the sole trustee of the S-trusts, but giving him shared control of LOR, RHC and RIF with his brother Randall, who has no obligations to the beneficiaries as a trustee of the S-trusts. Moreover, like the testator in Rosencrans v. Fry, supra, the settlor in this case, O. Wayne Rollins, was "a man of considerable business experience. He could not but have appreciated the delicate role which he assigned to [the trustees]. [He] presumably was confident that [the trustees] would act with fairness in discharging [their] corporate duties and [their] fiduciary duty under the [trust instrument]." Id. at 167. On these facts, the only reasonable conclusion with

7

regard to the settlor's intention is that he did not intend for the trustees to be held to trustee level fiduciary standards when performing their corporate duties. See In re Estate of Schnur, supra at 132 (in determining obligations of fiduciary "paramount consideration [should be given] to the testamentary plan and scheme, and effectuating it in the manner prescribed by the testator"). That being so, the trustees in this case "cannot be criticized upon the naked basis of potentially conflicting interests, nor can the existence of that potentiality *per se* constitute a culpable circumstance to be charged against [them] in determining whether [they] violated [their] duty as trustee[s]." Rosencrans v. Fry, supra at 166. See also In re Estate of Halas, 568 NE2d 170, 178 (Ill.App.Ct. 1991) ("creator of the trust can waive the rule of undivided loyalty by expressly conferring upon the trustee the power to act in a dual capacity, or he can waive the rule by implication where he knowingly places the trustee in a position which might conflict with the interests of the beneficiaries").

The standard set forth by the Court of Appeals is also inappropriate in this case because the trusts hold only a minority interest in the family entities. Under this circumstance, it is generally best to allow the trustees to act in the

interest of all the shareholders and to require that they be held to a corporate level fiduciary standard when acting as directors. See In re Estate of Carlisle, 278 N.Y.S.2d 1011, 1017 (N.Y.Sur.Ct. 1967) (where trust asset is minority interest in corporate stock, court will not interfere in internal affairs of corporation unless acts of directors are harmful to interest of corporation); Rosencrans v. Fry, supra at 168 (where trust asset is minority interest in corporate stock a trustee/director does not have "a duty to advance the interest of a beneficiary at the expense of the corporation and other outstanding stockholders' interests").

In sum, under the circumstances of this case, it was error for the Court of Appeals to hold that the trustees' management of the family entities should be scrutinized using a heightened trustee level fiduciary standard. While other courts may have held otherwise,[4] we hold that where, under the terms of a trust, the trustee is put in control of a corporate entity in which the trust owns a minority interest, the trustee should be held to a corporate level fiduciary standard when it comes to his or her corporate duties and actions.

---

[4] See, e.g., In re Scuderi, 667 N.Y.S.2d 913 (N.Y.App.Div. 1998); In re Shehan's Will, 141 N.Y.S.2d 439 (N.Y.App.Div. 1955).

9

Our holding in this regard is buttressed by the legislature's 2010 amendment to the Trust Code which expressly recognizes that trustees may act in a dual role where the trust estate owns an interest in a corporation or business enterprise, as long as it is "fair to the beneficiaries." OCGA § 53-12-246 (b).

On remand, the Court of Appeals is directed to apply a corporate fiduciary standard when considering the trustees' conduct with regard to their management of the corporate family entities held within the trusts.

Judgment reversed in part and vacated in part, and case remanded with direction. Hines, P. J., Benham, Hunstein, Nahmias, Blackwell, JJ., and Judge Robert D. Leonard II, concur. Melton, J., not participating.

Decided March 3, 2014.

Certiorari to the Court of Appeals of Georgia – 321 Ga. App. 140.

Troutman Sanders, John J. Dalton, James A. Lamberth, Alan W. Bakowski, Katie L. Balthrop, Lynette E. Smith, Summerville Moore, Sidney L. Moore III, for appellants.

Bondurant, Mixson & Elmore, H. Lamar Mixson, Timothy S. Rigsbee, Lisa R. Strauss, for appellees.

Ean K. Cullefer, Rogers & Hardin, Robert B. Remar, Chilivis, Cochran, Larkins & Bever, John K. Larkins III, Caplan Cobb, James W. Cobb, Ellis, Painter, Ratterree & Adams, Paul W. Painter, Jr., amici curiae.

_____